**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LASHONA S. SMITH,
      Appellant,

      v.

UNITED STATES POSTAL SERVICE,
      Agency.

DOCKET NUMBER
CH-0752-20-0550-X-1

DATE: June 29, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Arthur R. Ehrlich, Esquire, Chicago, Illinois, for the appellant.

Cynthia L. Edwards-Bender, Glen Ellyn, Illinois, for the appellant.

Hannah C. Brothers, Esquire, Chicago, Illinois, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      In a November 30, 2021 compliance initial decision, the administrative judge found the agency in partial noncompliance with the Board's May 13, 2021 final decision reversing the appellant's removal and ordering the agency to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

retroactively restore her with back pay and benefits. *Smith v. U.S. Postal Service*, MSPB Docket No. CH-0752-20-0550-I-1, Initial Appeal File, Tab 33, Initial Decision; *Smith v. U.S. Postal Service*, MSPB Docket No. CH-0752-20-0550-C-1, Compliance File, Tab 6, Compliance Initial Decision (CID). For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2      In the compliance initial decision, the administrative judge found that the agency had failed to pay the appellant all back pay owed, with interest, as the agency's back pay calculations included an improper deduction of $26,993.00 for unemployment benefits and excluded time during the back pay period wherein the appellant made reasonable efforts to find work as required by the agency's Employee and Labor Relations Manual (ELM).[2] CID at 4-9. Accordingly, she granted the appellant's petition for enforcement and ordered the agency to: (1) recompute the appellant's back pay award in accordance with the instructions provided; (2) pay the appellant all back pay owed; and (3) restore the appellant's leave balances with any leave she accrued during the back pay period. CID at 9-10.

---

[2] As stated in the compliance initial decision:

> In the Postal Service, only employees who have veterans preference are covered by the Back Pay Act. *Davis v. U.S. Postal Service*, 64 M.S.P.R. 652, 658 (1994). Entitlement to back pay for those who, like the appellant, lack veterans preference is subject to conditions imposed by the agency's Employee and Labor Relations Manual (ELM). *Id.* at 659-60. The ELM requires non-preference eligible employees to file a Form 8038 titled, "Employee Statement to Recover Back Pay," describing their efforts to seek employment. Where, as here, the back pay period exceeds six months, the ELM directs that, excluding the first 45 days after the effective date of their removal, the employees must have sought work and must provide documentation they made reasonable efforts to do so while awaiting the outcome of their Board appeal. CID at 3-4.

¶3     The administrative judge informed the agency that, if it decided to take the ordered actions, it must submit to the Clerk of the Board a narrative statement and evidence establishing compliance.  CID at 11.  The compliance initial decision also informed the parties that they could file a petition for review if they disagreed with the compliance initial decision. CID at 12-13.  Neither party filed a petition for review and, on January 4, 2022, the agency informed the Board that it had complied with the compliance initial decision.  *Smith v. U.S. Postal Service*, MSPB Docket No. CH-0752-20-0550-X-1, Compliance Referral File (CRF), Tab 1. Accordingly, the appellant's petition for enforcement has been referred to the Board for a final decision on issues of compliance.  5 C.F.R. § 1201.183(c).

¶4     In its January 4, 2022 compliance submission, the agency indicated that it had recomputed the appellant's back pay award in accordance with the instructions provided and that, pending a review from the agency's auditor, the appellant should be receiving a check for all back pay owed within the same week and should have her leave restored within one to two pay periods.  CRF, Tab 1. As evidence of its compliance, the agency provided a "Back Pay Decision/Settlement Worksheet" signed by both the appellant and the agency's Back Pay Coordinator, indicating how the agency recomputed the appellant's back pay award, *id.* at 17-28, with copies of the documentation and agency policies it relied upon also attached, *id.* at 29-50, 107-47, 156-83.  The appellant did not respond to the agency's submission.

¶5     By order dated February 25, 2022, the Board ordered the agency to submit a response, via affidavit and documentary evidence, addressing its compliance with the administrative judge's orders to make final determinations as to whether it had finally paid the appellant all back pay owed and restored her leave balances with her entitled leave.  CRF, Tab 3 at 3.

¶6     The agency responded to the Board's order on March 16, 2022.  CRF, Tab 4.  The agency averred that it has now paid the appellant all back pay and

interest owed, with $5,792.80 in back pay issued to her on August 16, 2021, via six postal money orders; $35,387.37 in back pay issued to her via a check mailed to her home address on January 10, 2022; and $1,984.69 in interest issued to her via a check mailed to her home address on January 13, 2022. CRF, Tab 4 at 6-7. It further averred that, in pay period 2 of 2022, it restored the appellant's leave balances by crediting to her 120 hours of annual leave and 80 hours of sick leave.[3] *Id.* As evidence of its compliance, the agency provided copies of the postal money orders with receipts, *id.* at 18-21; tracking information for both the backpay and interest checks, *id.* at 22-24, 26-28; a copy of the interest check, *id.* at 25; and copies of the payroll journals showing the appellant's credited leave balances, *id.* at 29-32. Again, the appellant did not respond to the agency's submission.

## ANALYSIS

¶7 When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

¶8 Here, the agency has demonstrated that it has paid the appellant a total of $41,180.17 in back pay and $1,984.69 in interest and restored to her 120 hours of

---

[3] The agency indicates that, upon crediting these annual and sick leave hours to the appellant, her total annual and sick leave balances were offset by her requests to use leave during the back pay period. CRF, Tab 4 at 7, 30.

annual leave and 80 hours of sick leave. The appellant has not responded to either of the agency's compliance submissions, despite twice being notified of her opportunity to do so, including having been cautioned that the Board may assume she is satisfied and dismiss her petition for enforcement if she did not respond. CRF, Tabs 2-3. Accordingly, we assume that the appellant is satisfied with the agency's compliance. *See Baumgartner v. Department of Housing & Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009).

¶9      In light of the foregoing, we find that the agency is now in compliance and dismiss the appellant's petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.    5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).    If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.